**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ALIRIO QUNINONES, Petitioner, v. JORDAN HOLLINGSWORTH, Respondent. | **Hon. Jerome B. Simandle** Civil No. 13-527 (JBS) **OPINION** |

**APPEARANCES:**

ALIRIO QUNINONES, #40959-018
FCI Fort Dix
P.O. 2000
Fort Dix, NJ 08640
Petitioner Pro Se

PAUL J. FISHMAN
United States Attorney
By: Paul A. Blaine
Assistant U.S. Attorney
Office of the United States Attorney
Camden Federal Building and U.S. Courthouse
401 Market Street
P.O. Box 2098
Camden, NJ 08101
Attorneys for Respondent

**SIMANDLE, Chief Judge**:

Alirio Quinones,[1] a federal inmate confined at FCI Fort Dix in New Jersey, filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 challenging his imprisonment pursuant to a federal sentence imposed in the United States District Court for

[1]Petitioner states his name as "Quinones" in the body of the Petition, however, in the caption of his filing lists the spelling of his surname as "Quninones."

the Middle District of Florida. Respondent filed an Answer and Petitioner filed a Reply. Having thoroughly reviewed the record, this Court will dismiss the Petition for lack of jurisdiction.

## I. BACKGROUND

Pursuant to a guilty plea entered on November 17, 2003 in United States v. Alirio Quinones, et als., No. 8:98-cr-154-T-24-TGW (M.D. Fla.), Petitioner was convicted of violation of 21 U.S.C. §§ 952(a), 960(b)(1)(B)(ii) and 963, for conspiring to import five (5) kilograms or more of cocaine into the United States (Count One), and 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(ii)(II) and 846, for conspiring to possess with intent to distribute five (5) kilograms or more of cocaine. He was not charged with violation of the Maritime Drug Law Enforcement Act ("MDLEA"), 46 U.S.C. §§ 70503(a)(1), 70506(a), and 70506(b), and 21 U.S.C. § 960(b)(1)(B)(ii). See Response to the Petition, docket entry no. 4, Exhibit 1.

Petitioner unsuccessfully challenged his conviction in a motion under § 2255 in the court of conviction. See Quinones v. United States, 2009 U.S. Dist. LEXIS 120505 (M.D.Fla. Dec. 3, 2009) (a copy of the Opinion is attached as an exhibit to the petition, docket entry no. 1, Attachment II).

Petitioner is now incarcerated at FCI Fort Dix in New Jersey and signed his § 2241 Petition for filing on December 28, 2012. He brings this case stating two grounds for relief: "New 11th

Circuit Case Law: No jurisdiction in territorial waters" and "Illegal Incarceration; Sentencing Court had no jurisdiction to impose prison sentence." (Petition, docket entry no. 1, pages 3-4.)

In his memorandum accompanying the Petition, Petitioner argues that pursuant to United States v. Bellaizac-Hurtado, 700 F.3d 1245 (11th Cir. 2012), the sentencing court was without jurisdiction to impose a sentence, and the "[act] for which Quinones was convicted is no longer considered to be a crime, and he cannot raise this issue in a § 2255 motion." (Petition, docket entry no. 1, Memorandum at pg. 2.) In Bellaizac-Hurtado, the Eleventh Circuit held that Congress did not have the authority under the Maritime Drug Law Enforcement Act to proscribe prosecution for drug trafficking occurring in territorial waters. See Bellaizac-Hurtado, 700 F.3d at 1258. However, the Eleventh Circuit acknowledged that Congress is empowered to prosecute drug trafficking conduct that took place in international waters. See id. at 1257 (collecting cases).[2]

Respondents argue that Bellaizac-Hurtado does not apply here because Petitioner was not convicted of any offenses under the MDLEA.

## II. DISCUSSION

Section 2241 of Title 28 of the United States Code provides that the writ of habeas corpus shall not extend to a prisoner

[2]The matter of United States v. Bellaizac-Hurtado, 700 F.3d 1245 (11th Cir. 2012), will be discussed in more detail infra.

unless he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Nevertheless, a challenge to the validity of a federal conviction or sentence must be brought under 28 U.S.C. § 2255. See Davis v. United States, 417 U.S. 333 (1974); Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002). This is because 28 U.S.C. § 2255 expressly prohibits a district court from entertaining a challenge to a prisoner's federal sentence under § 2241 unless the remedy by motion under § 2255 is "inadequate or ineffective to test the legality of his detention." See 28 U.S.C. § 2255(e);[3] see Cradle v. U.S. ex rel. Miner, 290 F.3d 536 (3d Cir. 2002); In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997); Millan-Diaz v. Parker, 444 F.2d 95 (3d Cir. 1971); Application of

---

[3] The "inadequate or ineffective" language was necessary because the Supreme Court held that "the substitution of a collateral remedy which is neither inadequate nor ineffective to test the legality of a person's detention does not constitute a suspension of the writ of habeas corpus." Swain v. Pressley, 430 U.S. 372, 381 (1977). Specifically, § 2255(e) provides:

> An application for a writ of habeas corpus [pursuant to 28 U.S.C. § 2241] in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e).

Galante, 437 F.2d 1164 (3d Cir. 1971) (per curiam); United States ex rel. Leguillou v. Davis, 212 F.2d 681, 684 (3d Cir. 1954).

A § 2255 motion is inadequate or ineffective, authorizing resort to § 2241, only where the petitioner demonstrates that he "had no prior opportunity to challenge his conviction for a crime that an intervening change in substantive law could negate with retroactive application." Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002) (citing Dorsainvil, 119 F.3d at 251). For example, in Dorsainvil, the Third Circuit held that § 2255 was inadequate or ineffective for Dorsainvil's claim that he was imprisoned for conduct that the Supreme Court ruled in Bailey v. United States, 516 U.S. 137 (1995), was not a crime, where the Supreme Court issued Bailey after Dorsainvil's § 2255 motion was denied on the merits and after the Third Circuit ruled that Dorsainvil could not meet either of the gatekeeping requirements under 28 U.S.C. § 2255(h) to authorize the filing of a second or successive § 2255 motion.[4] See Dorsainvil, 119 F. 3d at 250 ("A Supreme Court decision interpreting a criminal statute that

---

[4] Section 2255(h) provides that a second or successive § 2255 motion must be certified by a panel of the appropriate court of appeals to contain "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional laws, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h)(1) and (2).

resulted in the imprisonment of one whose conduct was not prohibited by law presents exceptional circumstances where the need for the remedy afforded by the writ of habeas corpus is apparent").

Here, Petitioner claims that he is imprisoned for conduct that the Eleventh Circuit (the circuit wherein he was convicted) deemed non-criminal in United States v. Bellaizac-Hurtado, 700 F.3d 1245 (11th Cir. 2012), a ruling issued after his conviction became final and the time to file a § 2255 motion expired. In Bellaizac-Hurtado, the Eleventh Circuit reversed convictions under the Maritime Drug Law Enforcement Act, 46 U.S.C. 70501, et seq., on direct appeal on the ground that Congress lacked "the power under the Offences Clause to proscribe drug trafficking in the territorial waters of another nation."[5] Id. at 1249.

However, the holding of Bellaizac-Hurtado is inapplicable to Petitioner's case since he was not convicted under the MDLEA. Furthermore, this is not a case where subsequent jurisprudence has rendered defendant's conduct non-criminal under United States law. Petitioner previously challenged his conviction in a § 2255 motion in the Middle District of Florida and presents no evidence

[5] The United States argued that the Maritime Drug Law Enforcement Act, as applied to defendants who were drug trafficking in the territorial waters of another nation, is a constitutional exercise of the power granted to Congress "[t]o define and punish Piracies and Felonies committed on the high Seas, and Offences against the Law of Nations." U.S. Const., Art. I, §8, cl.10. See Bellaizac-Hurtado, 700 F.3d at 1248.

here as to a showing that § 2255 is not an inadequate or ineffective remedy for Petitioner's claim. Accordingly, this Court will dismiss the Petition for lack of jurisdiction.

For all the foregoing reasons, the Petition will be dismissed for lack of jurisdiction.

## III. CONCLUSION

The Court dismisses the Petition for lack of jurisdiction. An appropriate order follows.

**s/ Jerome B. Simandle**
**JEROME B. SIMANDLE**
Chief Judge

Dated: **June 12, 2013**