NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| ALIRIO QUNINONES, | : | Civil No. 13-527 (JBS) |
| Petitioner, | : | |
| v. | : | **OPINION** |
| JORDAN HOLLINGSWORTH, | : | |
| Respondent. | : | |

**APPEARANCES:**

Alirio Quninones, *Pro Se*
#40959-018
FCI Fort Dix
P.O. Box 2000
Fort Dix, NJ 08640

Paul A. Blaine
Office of the U.S. Attorney
401 Market Street, P.O. Box 2098
Camden, NJ 08101
Attorney for Respondent

**SIMANDLE, Chief Judge**

    Alirio Quninones, a federal inmate confined at the Federal Correctional Institution, Fort Dix, New Jersey, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his imprisonment pursuant to a federal sentence imposed after he pled guilty to conspiring to import five or more kilograms of cocaine into

the United States, and conspiring to possess with intent to distribute five or more kilograms of cocaine. He was not charged with violating the Maritime Drug Law Enforcement Act ("MDLEA"), 46 U.S.C. §§ 70503(a)(1), 70506(a), and 70506(b), and 21 U.S.C. § 960(b)(1)(B)(ii).  *See*  Docket Item 7, Opinion at p. 2. This Court dismissed the Petition for lack of jurisdiction. Presently before this Court is Petitioner's motion for reconsideration, which the government has opposed. For the reasons expressed below, this Court will deny the motion.

**A.**   **BACKGROUND**

In his § 2241 petition, Petitioner argued that pursuant to *United States v. Bellaizac-Hurtado*, 700 F.3d 1245 (11th Cir. 2012), the sentencing court was without jurisdiction to impose a sentence, and that the act for which Petitioner was convicted is no longer considered to be a crime. Petitioner argued he could not bring his claims in a § 2255 motion because his time to file such a motion had expired. *See* Docket Item 7, Opinion at p. 6.

Respondent argued that *Bellaizac-Hurtado* did not apply to Petitioner because Petitioner was not convicted under the MDLEA. *See id.* at p. 3. This Court agreed, noting that Petitioner's claims sought to challenge his conviction, and that Petitioner had already filed a § 2255 motion in the district of his conviction. *See id.* at pp. 6-7. This Court found that § 2255 was not inadequate or ineffective,

and that the § 2241 petition should be dismissed for lack of jurisdiction. *See id.*

In his motion for reconsideration, Petitioner argues that even though he wasn't convicted of an MDLEA violation, the sentencing court lacked jurisdiction over his criminal case because Petitioner thought the drugs involved in his crime were going to Mexico, not the United States, despite the fact that at his plea hearing he stated that he knew the drugs were destined for America. (Respondent's Exhibit 2 at 20).

**B.    STANDARD OF REVIEW**

A post-judgment motion "will be considered a Rule 59(e) motion where it involves 'reconsideration of matters properly encompassed in a decision on the merits.'" *Osterneck v. Ernst & Whinney*, 489 U.S. 169, 174 (1989) (quoting *White v. New Hampshire Dept. of Employment Security*, 455 U.S. 445, 451 (1982)). Rule 59(e) of the Federal Rules of Civil Procedure provides that a motion to "alter or amend a judgment" must be filed within 28 days of the entry of the judgment. Fed. R. Civ. P. 59(e). "The scope of a motion for reconsideration ... is extremely limited." *Blystone v. Horn*, 664 F.3d 397, 415 (3d Cir. 2011). "Such motions are not to be used as an opportunity to relitigate the case; rather, they may be used only to correct manifest errors of law or fact or to present newly discovered evidence." *Id.* "[A] proper Rule 59(e) motion ... must rely on one of three grounds:

(1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error of law or prevent manifest injustice." *Wiest v. Lynch*, 710 F.3d 121, 128 (3d Cir. 2013) (quoting *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010)).

**C.   DISCUSSION**

Because Petitioner disagreed with this Court's ruling in its Opinion dismissing for lack of jurisdiction, Petitioner now seeks to raise this additional argument in his motion for reconsideration. However, motions for reconsideration are not the proper vehicle to raise new arguments which could have been raised previously. *See e.g. King v. Schultz*, 2012 WL 4505999 at *3 (D.N.J. Sept. 27, 2012). Here, Petitioner disagrees with the Court's previous decision and seeks a "second bite of the apple." *See Tischio v. Bontex, Inc.*, 16 F. Supp.2d 511, 533 (D.N.J. 1998)("[a] motion for reconsideration should not provide the parties with an opportunity for a second bite at the apple."); *see also NL Indus., Inc. v. Commercial Union Ins. Co.*, 935 F. Supp. 513, 516 (D.N.J. 1996) ("Reconsideration motions ... may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.").

Further, this Court's ruling in the June 12, 2013 Opinion is unaffected by Petitioner's motion; that is, "a challenge to the

4

validity of a federal conviction or sentence must be brought under 28 U.S.C. § 2255." (Docket Item 7, Opinion at p. 4 (citations omitted)). A § 2255 motion is inadequate or ineffective, authorizing resort to § 2241, only where the petitioner demonstrates that he "had no prior opportunity to challenge his conviction for a crime that an intervening change in substantive law could negate with retroactive application." (*Id.* at p. 5 (citations omitted)). Petitioner has not demonstrated an intervening change in law which would apply retroactively.

Therefore, this Court's original holding stands:  There is no jurisdiction under § 2241 to address the collateral challenges to Petitioner's conviction and/or sentence. If Petitioner chooses to file a second motion under 28 U.S.C. § 2255, he should note that section 2255(h) provides that a second or successive § 2255 motion must be certified by a panel of the appropriate court of appeals to contain "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional laws, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h)(1) and (2).

**D.     CONCLUSION**

For the foregoing reasons, this Court denies Petitioner's motion under Rule 59(e) to alter or amend the Order dismissing his original Petition. An appropriate Order accompanies this Opinion.


                                         **s/ Jerome B. Simandle**
                                         JEROME B. SIMANDLE
                                         Chief Judge
                                         United States District Court
Dated:     **March 18, 2014**